FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 11, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MANUEL C.,[1]

        Plaintiff,

    v.

FRANK BISIGNANO,
Commissioner of Social Security,

        Defendant.

No.    1:26-cv-3020-EFS

**ORDER REVERSING THE ALJ'S DENIAL OF BENEFITS, AND REMANDING FOR MORE PROCEEDINGS**

Plaintiff Manuel C. asks the Court to reverse the Administrative Law Judge's (ALJ) denial of Title 2 and Title 16 benefits. Plaintiff claims he is unable to work due to severe back pain caused by lumbar

---

[1] For privacy reasons, Plaintiff is referred to by first name and last initial or as "Plaintiff." *See* LCivR 5.2(c).

DISPOSITIVE ORDER - 1

stenosis and degenerative disc disease. The ALJ rejected Plaintiff's testimony about his pain and found Plaintiff could lift up to twenty pounds with no standing, walking, or sitting limitations beyond the demands of light work. Substantial evidence does not support the ALJ's evaluation of Plaintiff's symptom claims and the resulting residual functional capacity (RFC) finding. This matter is remanded for further proceedings.

## I.    Background

Plaintiff filed his Title 2 application for benefits in August 2021 and filed his Title 16 application for benefits in May 2023, alleging disability beginning on August 17, 2021, due to back and shoulder injuries.[2] Following a hearing, ALJ Robert Freedman issued a decision on the Title II application finding Plaintiff not disabled, which the Appeals Council remanded in October 2024 because the decision did not adequately evaluate substantial gainful activity or the opinion evidence.[3] The ALJ consolidated the Titles 2 and 16 applications on

[2] Administrative Record (AR) 751, 782–83, 791, 821.

[3] AR 81–108, 150–68, 185–89.

DISPOSITIVE ORDER - 2

remand and held another hearing in May 2025, at which Plaintiff, through a Spanish language interpreter, and a vocational expert testified.[4] Plaintiff testified that he worked as an agricultural laborer for many years until severe back pain prevented him from working.[5]

The ALJ issued a decision finding Plaintiff not disabled.[6] The ALJ found Plaintiff's alleged symptoms were "not entirely consistent" with the medical evidence and other evidence.[7] As to the medical opinions, the ALJ found:

- the reviewing opinions of three State agency consultants "mostly persuasive," and the reviewing opinion of one State agency mental-health consultant not persuasive.

---

[4] AR 45–79.

[5] AR 56–57, 94–96.

[6] AR 22–36. Per 20 C.F.R. §§ 404.1520(a)–(g), 416.920(a)–(g), a five-step evaluation determines whether a claimant is disabled.

[7] AR 28–29. As recommended by the Ninth Circuit in *Smartt v. Kijakazi*, the ALJ should consider replacing the phrase "not entirely consistent" with "inconsistent." 53 F.4th 489, 499 n.2 (9th Cir. 2022).

DISPOSITIVE ORDER - 3

- the first examining opinion of Anne Reed, ARNP, "significantly persuasive," but her subsequent examining opinion not persuasive.

- the examining opinions of Oscar Del Valle, ARNP, and Cheryl Crane, PMHNP, had "limited" or "little persuasive value."

- most of the treating opinions of Vlastimil Calayan, MD, not persuasive.[8]

As to the sequential disability analysis, the ALJ found:

- Plaintiff met the insured status requirements through December 31, 2026.

- Step one: Plaintiff had not engaged in substantial gainful activity since August 17, 2021, the alleged onset date.

- Step two: Plaintiff had the medically determinable severe impairments of lumbar stenosis and degenerative disc disease.

- Step three: Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.

---

[8] AR 30–34.

DISPOSITIVE ORDER - 4

- RFC: Plaintiff had the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b), except Plaintiff could frequently use ramps and stairs; occasionally use ladders, ropes, and scaffolds; and frequently stoop, crouch, crawl, and kneel.

- Step four: Plaintiff could not perform any past relevant work.

- Step five: considering Plaintiff's RFC, age, education, and work history, Plaintiff could perform work that existed in significant numbers in the national economy, such as office helper, merchandise marker, and cashier.[9]

Plaintiff timely requested review of the ALJ's decision by the Appeals Council, which denied review.[10] Plaintiff now appeals to district court.[11]

---

[9] AR 25–36.

[10] AR 1.

[11] ECF No. 1.

DISPOSITIVE ORDER - 5

## II.    Standard of Review

When considering the ALJ's findings, the court is constrained to the reasons and supporting explanation offered by the ALJ.[12] The ALJ's decision is reversed "only if it is not supported by substantial evidence or is based on legal error"[13] and such error impacted the nondisability determination.[14] Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[15]

---

[12] *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014).

[13] *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). *See* 42 U.S.C. § 405(g).

[14] *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 416.920(a) (recognizing that the court may not reverse an ALJ decision due to a harmless error—one that "is inconsequential to the ultimate nondisability determination").

[15] *Hill*, 698 F.3d at 1159 (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). *See also Lingenfelter v. Astrue*, 504 F.3d 1028,

## III.  Analysis

Plaintiff argues the ALJ committed several errors: (1) substantial evidence does not support the ALJ's step-five finding because the ALJ failed to consider Plaintiff's illiteracy; (2) the ALJ did not properly assess Plaintiff's testimony; and (3) the ALJ did not properly assess the medical opinions. In response, the Commissioner argues no error occurred and that the ALJ's decision is supported by substantial evidence. As is explained below, substantial evidence supports the ALJ's marginal-education finding but does not support the evaluation of Plaintiff's pain testimony.

---

1035 (9th Cir. 2007) (The court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion," not simply the evidence cited by the ALJ or the parties.) (cleaned up); *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998) ("An ALJ's failure to cite specific evidence does not indicate that such evidence was not considered[.]").

DISPOSITIVE ORDER - 7

**A.    Step Five: Plaintiff fails to establish error.**

Plaintiff argues the ALJ failed to meet his burden at step five because Plaintiff is illiterate and cannot perform the jobs the ALJ identified based on his finding that Plaintiff had a marginal education.

When determining whether the claimant can perform other jobs at step five, the ALJ must consider the claimant's education level.[16] "Education is primarily used to mean formal schooling or other training which contributes to [the claimant's] ability to meet vocational requirements, for example, reasoning ability, communication skills, and arithmetical ability."[17] The Administration considers education level "a reliable indicator of the individual's ability to read and write a simple message . . . regardless of whether the schooling occurred in the United States or in another country."[18] Effective April 27, 2020, the

[16] 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1564, 416.920(a)(4)(v), 416.964.

[17] 20 C.F.R. §§ 404.1564(a), 416.964(a).

[18] Social Security Ruling (SSR) 20-01p: How We Determine an Individual's Education Category, 85 FR 13692-02 (Mar. 9, 2020).

DISPOSITIVE ORDER - 8

regulations no longer require the ALJ to consider the claimant's ability to communicate in English.[19]

Regulations distinguish between illiteracy and marginal education:

> (1) Illiteracy. Illiteracy means the inability to read or write. We consider someone illiterate if the person cannot read or write a simple message such as instructions or inventory lists even though the person can sign his or her name. Generally, an illiterate person has had little or no formal schooling.
>
> (2) Marginal education. Marginal education means ability in reasoning, arithmetic, and language skills which are needed to do simple, unskilled types of jobs. We generally consider that formal schooling at a 6th grade level or less is a marginal education.[20]

---

[19] 20 C.F.R. §§ 404.1564, 416.964 (amendments effective April 27, 2020); Removing Inability To Communicate in English as an Education Category, 85 FR 10586-01 (Feb. 25, 2020).

[20] 20 C.F.R. §§ 404.1564(b), 416.964(b). *See also* SSR 20-01p.

DISPOSITIVE ORDER - 9

The Administration's Program Operations Manual System (POMS) advises ALJs "it is generally appropriate to find the claimant is literate" if the claimant has completed at least fourth grade.[21]

Here, Plaintiff reported he has a sixth-grade education from Mexico.[22] This, according to the regulations and Agency guidance, supports the ALJ's finding he had a marginal education and was not illiterate.[23] The ALJ found further evidence of Plaintiff's literacy, noting Plaintiff was able to complete some paperwork to receive a driver's license, could work in the past despite his language deficiencies, and could pay bills.[24] Plaintiff correctly points out that no evidence shows whether he required assistance to complete paperwork

---

[21] POMS DI 25015.010, Education as a Vocational Factor. POMS guidance is not binding on this Court or the ALJ. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1073 (9th Cir. 2010).

[22] AR 821–22, 910–11.

[23] *See* 20 C.F.R. §§ 404.1564(b)(2), 416.964(b)(2); SSR 20-01p; POMS DI 25015.010.

[24] AR 30 (citing AR 832, 818).

DISPOSITIVE ORDER - 10

or had to be literate to perform his past work. But even without such evidence, it was at least reasonable for the ALJ to infer from the evidence identified that Plaintiff had sufficient literacy to support the marginal-education finding consistent with his sixth-grade education. Further, while Plaintiff points to evidence not addressed by the ALJ tending to show he could not read or write, the record also contains unacknowledged evidence showing Plaintiff was minimally literate.[25] Regardless, the Court cannot reweigh evidence on substantial-evidence review. On this record, substantial evidence supports the ALJ finding Plaintiff had a marginal education.

---

[25] *See* AR 829–36 (Plaintiff's handwritten function report completed in Spanish with some unknown level of assistance); AR 911 (Plaintiff's disability report indicating he can read and write a simple message); AR 2064 (Plaintiff informing the consultative examiner he had "problems" reading in school and received B and C grades).

**B.    Symptom Reports: Plaintiff establishes consequential error.**

Plaintiff argues the ALJ failed to provide valid reasons for discounting his physical symptom reports.[26] The Court agrees. The ALJ's reasons for discounting Plaintiff's symptoms are not clear and convincing reasons supported by substantial evidence.

### 1.    Standard

After finding a medically determinable impairment, the ALJ must assess the intensity and persistence of the alleged symptoms to determine how they affect the claimant's ability to work.[27] Factors the ALJ may consider when evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: (1) objective medical evidence; (2) daily activities; (3) the location, duration, frequency, and intensity of pain or other symptoms; (4) factors that precipitate and aggravate the symptoms; (5) the type, dosage, effectiveness, and side

---

[26] Plaintiff briefly mentions his mental-symptom testimony only to support his illiteracy argument.

[27] 20 C.F.R. §§ 404.1529(c), 416.929(c).

DISPOSITIVE ORDER - 12

effects of any medication the claimant takes or has taken to alleviate pain or other symptoms; (6) treatment, other than medication, the claimant receives or has received for relief of pain or other symptoms; and (7) any non-treatment measures the claimant uses or has used to relieve pain or other symptoms.[28]

If the ALJ finds inconsistency between the claimant's reported symptoms and the evidence, the ALJ must identify what symptom claims are being discounted and clearly and convincingly explain the rationale for discounting the symptoms with supporting citation to evidence.[29] This requires the ALJ to "show his work" and provide a "rationale . . . clear enough that it has the power to convince" the reviewing court.[30]

---

[28] *Id.* §§ 404.1529(c)(2), (3), 416.929(c)(2), (3).

[29] *Smartt*, 53 F.4th at 499; *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014); 20 C.F.R. §§ 404.1529(c), 416.929(c); SSR 16-3p, 2016 WL 1119029, at *7.

[30] *Smartt*, 53 F.4th at 499 (alteration added).

DISPOSITIVE ORDER - 13

2.    <u>Plaintiff's testimony</u>

At the two hearings, Plaintiff testified he could not bend down; he could only drive for up to thirty minutes at a time because sitting too long caused him pain; he could stand and walk slowly for one hour before needing to sit down for an hour-long break; he had to lay down for two hours twice a day; and he could lift no more than a gallon of milk.[31]

In a function report completed by Plaintiff, and in function reports completed by others on Plaintiff's behalf, Plaintiff reported having pain that impaired his ability to lift, squat, bend, stand, reach, walk, sit, kneel, and climb stairs.[32] He initially reported he could walk for only twenty minutes before having to stop and take a break for two hours.[33] He later reported he could walk only twenty feet before needing to rest for ten to fifteen minutes.[34] Even later, he reported he

---

[31] AR 63–67, 96–100.

[32] AR 834, 872, 877, 917–18, 922.

[33] AR 834

[34] AR 877.

DISPOSITIVE ORDER - 14

could walk about three blocks before needing to rest for about an hour.[35] He could not lift anything heavy and lays in bed all day, getting up slowly only when he needs to.[36]

### 3. ALJ's reasons and analysis

The ALJ found the overall evidence supported the severity of Plaintiff's pain testimony only to the extent he could perform light work—i.e., lift up to twenty pounds and either walk/stand "a good deal" or sit while manipulating arm or leg controls[37]—with limitations only in climbing, stooping, crouching, crawling, and kneeling. Otherwise, according to the ALJ, the evidence did not support the severity of Plaintiff's alleged pain.[38] The ALJ gave the following reasons: (1) diagnostic imaging did not show nerve root or spinal cord compromise; (2) he could complete exercises at physical therapy with no increased pain and did not need surgery; (3) Plaintiff had a normal

---

[35] AR 922.

[36] AR 872–73, 917–18.

[37] 20 C.F.R. §§ 404.1567(b), 416.967(b).

[38] AR 29.

DISPOSITIVE ORDER - 15

gait at most physical exams; (4) he reported using a cane but no exam mentioned him using an assistive device; (5) he had normal musculoskeletal strength on some exams; (6) no muscle atrophy was noted; (7) he was neurologically intact; (8) he could get out of a chair and lie on an exam table without difficulty; (9) he had normal to reduced grip strength but could zip, tie shoelaces, and button; (10) he testified he could walk for one hour a day; (11) he testified he could take out the trash; and (12) he testified he could drive up to one hour.[39]

On this record, the ALJ's reasons lack the power to convince a reviewing court that Plaintiff's reported pain did not support a sitting, standing, and/or walking limitation in the RFC. First, the ALJ relied on a physical therapy record from October 2020, before the alleged onset of disability.[40] In contrast, for example, a physical therapy record

---

[39] AR 29–30. The Commissioner's brief on appeal discusses extensively several other reasons to support the ALJ's testimony assessment, but the Court is constrained to the ALJ's reasons. *Burrell*, 775 F.3d at 1138.

[40] AR 1991.

DISPOSITIVE ORDER - 16

from May 2022 states Plaintiff could "tolerate somewhat more exercise . . . but has persistent severe pain," and was discharged "[d]ue to no significant gains with therapy and persistent severe pain."[41]

Second, Plaintiff reported using a cane only once, telling an examiner "he uses a cane *at home* when he needs one."[42] This is not sufficient to doubt Plaintiff's credibility based on him appearing at exams without a cane.

Third, the normal physical exam findings that the ALJ relied on are unconvincing on this record. "Normal results of strength, gait, and range of motion tests, without more, do not contradict diagnoses based on pain where the results do not indicate whether the test accounted for the relevant pain."[43] This is because "a patient might be able to push herself to exhibit full strength or range of motion, or a normal gait, while also experiencing pain."[44] "[T]he primary symptom of

---

[41] AR 1956.

[42] AR 1007 (emphasis added).

[43] *Ortiz v. Bisignano*, 179 F.4th 691, 699 (9th Cir. 2026).

[44] *Id.*

DISPOSITIVE ORDER - 17

degenerative disc disease. . . is back pain, not abnormal gait, reduced strength, or limited range of motion."[45] Accordingly, because the gait and strength tests the ALJ relied on here did not account for pain, they are not substantial evidence in this case.[46]

Fourth, as to Plaintiff's ability to walk, drive, and do chores, Plaintiff testified he needed an hour-long break after he walked and had to walk slowly; he could drive for only thirty minutes to an hour before he needed a thirty-minute break; and he only took out the bathroom trash, as he could not lift anything heavier than a gallon of milk.[47] The ALJ erroneously did not consider any of this evidence in

---

[45] *Id.* at 700.

[46] *See* AR 981, 1011–12, 1134, 1214, 1238, 2015, 2029, 2031, 2078, 2089, 2092, 2095; *Ortiz*, 179 F.4th at 700 ("Because the results of the gait, strength, and range of motion tests relied upon by the ALJ to find an inconsistency did not account for Ortiz's relevant pain, the ALJ erred by relying on that evidence to reject Dr. Shute's opinion.").

[47] AR 63–67, 96–100. *See also* AR 834, 877, 922 (function reports describing the need for frequent breaks).

DISPOSITIVE ORDER - 18

finding Plaintiff's testimony did not support a sit/stand/walk limitation.[48]

That leaves only the ALJ's reasoning based on Plaintiff being neurologically intact, with no atrophy, and with no imaging of nerve root or spinal cord compromise. These findings do not support a reasonable inference that Plaintiff was not in the severe pain that he described due to his lumbar stenosis and degenerative disc disease. Considering the testimony and errors already identified, these reasons are far from convincing to discount the severity of Plaintiff's pain testimony, and consequently do not support the light-work RFC with no sit/stand/walk limitation.

---

[48] The ALJ must consider whether the nature of the claimant's activities allows for frequent breaks that would be inconsistent with maintaining a daily work schedule. *See Garrison v. Colvin*, 759 F.3d 995, 1018 (9th Cir. 2014); *Smolen v. Chater*, 80 F.3d 1273, 1287 n.7 (9th Cir. 1996).

DISPOSITIVE ORDER - 19

## C.    Medical Opinions: The issue is moot.

Plaintiff also argues the ALJ improperly evaluated several medical opinions. As the Court has already determined that remand is necessary for further proceedings based on consequential errors, the Court need not address this issue. On remand, the ALJ will have the opportunity to reevaluate the medical opinions in light of *Ortiz*.

## IV.    Conclusion

Plaintiff establishes the ALJ erred. The ALJ is to develop the record and reevaluate—with meaningful articulation and evidentiary support—the sequential process. When evaluating Plaintiff's testimony and the medical opinions related to back pain, the ALJ is to consider the Ninth Circuit's recent decision in *Ortiz v. Bisignano*, 179 F.4th 691 (9th Cir. 2026).[49]

---

[49] *See, e.g., Ortiz*, 179 F.4th at 699 ("Normal results of strength, gait, and range of motion tests, without more, do not contradict diagnoses based on pain where the results do not indicate whether the test accounted for the relevant pain.").

DISPOSITIVE ORDER - 20

Accordingly, **IT IS HEREBY ORDERED**:

1.    The ALJ's nondisability decision is **REVERSED, and this matter is REMANDED to the Commissioner of Social Security for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g)**.

2.    The Clerk's Office shall **TERM** the parties' briefs, **ECF Nos. 10 and 12**, enter **JUDGMENT** in favor of **Plaintiff**, and **CLOSE** the case.

IT IS SO ORDERED. The Clerk's Office is directed to file this order and provide copies to all counsel.

DATED this 11th day of August 2026.

*Edward F. Shea*

EDWARD F. SHEA
Senior United States District Judge

DISPOSITIVE ORDER - 21